**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

KIM RIVERA,

           Plaintiff,

v.                                                                Civ. No. 06-00960 JCH/RHS

AMERICAN GENERAL FINANCIAL
SERVICES, INC., a/k/a AMERICAN
GENERAL FINANCE, INC.; AMERICAN
SECURITY INSURANCE COMPANY,
a/k/a AMERICAN SECURITY GROUP;
LINDA CALLAHAN; AND, JANE DOE,

           Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Partial Dismissal Pursuant to Rule 41(a)(2), or, in the Alternative, Motion to Amend Pursuant to Rule 15(a); and Remand, filed October 27, 2006 **[Doc. 10]** ("Motion to Dismiss").  The Court having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the motion is well-taken in part and will be granted in part.

### BACKGROUND

On September 1, 2006, Plaintiff commenced an action in the Second Judicial District Court, Bernalillo County, State of New Mexico, No. CV-2006-07077.  On September 7, 2006, Plaintiff filed a First Amended Complaint in the same action.

In Count VII of the First Amended Complaint, Plaintiff alleges that Defendant American General Financial Services, Inc. ("American General") violated the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, by breaching its duty to furnish accurate information

about Plaintiff to consumer reporting agencies. As a result of this claim arising under federal law, Defendants removed the action to this Court on October 5, 2006, pursuant to 28 U.S.C. §§ 1331 and 1441(c), and asked the Court to exercise supplemental jurisdiction over the remaining state law claims for breach of contract, breach of the covenant of good faith and fair dealing, insurance bad faith, violation of the New Mexico Insurance Practice Act, violations of the New Mexico Unfair Trade Practices Act, and breach of fiduciary duty.

Defendants filed an answer on October 5, 2006, the same day they removed the case. On October 13, 2006, Defendants filed a motion to compel arbitration and stay the proceedings, accompanied by a supporting memorandum.

On October 27, 2006, Plaintiff filed the Motion to Dismiss. That same day, Plaintiff also filed a motion to stay the proceedings pending the Court's decision on the Motion to Dismiss. On November 22, 2006, Defendants filed a response to the Motion to Dismiss, a response to the motion to stay, and a reply in support of their motion to compel arbitration. On December 14, 2006, Magistrate Judge Scott granted Plaintiff's motion to stay the proceedings pending the Court's determination of the Motion to Dismiss.

Count VII of the First Amended Complaint is titled, "Violations of the Federal Fair Credit Reporting Act." In support of this claim, Plaintiff alleges that (1) Defendant American General is a furnisher of information subject to the FCRA, (2) Defendant American General had a duty to furnish accurate information, a duty to correct and update consumer information, and a duty to conduct a reasonable investigation with regard to all disputed consumer account information, (3) Defendant American General knew or should have known that Plaintiff's account was in dispute, (4) Defendant American General continued to report, multiple times, erroneous information to the three credit reporting agencies, and (5) Defendant American

General's violations of the FCRA have resulted in actual damages to Plaintiff, for which she is entitled to recovery pursuant to 15 U.S.C. Section 1681n of the FCRA.

The first Amended Complaint does not allege that Plaintiff complied with the dispute procedures set forth in the FCRA, that Plaintiff provided notice of the dispute to Defendant American General, or that a credit reporting agency provided notification of the dispute to Defendant American General.

## DISCUSSION

I.   Jurisdiction.

Plaintiff argues that she was required specifically to allege that she complied with the dispute procedures set forth in the FCRA by providing notice of the dispute to Defendant American General and that a credit reporting agency provided notification of the dispute to Defendant American General.  Plaintiff maintains that because she insufficiently plead her sole federal claim under the FCRA, the Court lacked subject matter jurisdiction over the case from the outset and should therefore remand the case in its entirety pursuant to 28 U.S.C. Section 1447(c).

Federal court jurisdiction should be strictly construed.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941).  "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp*., 50 F.3d 871, 873 (10th Cir. 1995).  Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.  *Gaus v. Miles*, *Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The removing party bears the burden of establishing that removal was properly accomplished.  *Id*.

Where there is no diversity of citizenship between the parties, as in this case, the propriety of removal turns on whether the case falls within the original "federal question"

jurisdiction of United States district courts under 28 U.S.C. Section 1331.  District courts have original jurisdiction over all actions arising under the Constitution, laws or treatises of the United States.  *See* 28 U.S.C. § 1331.  The presence or absence of federal question jurisdiction in any specific case is governed by the "well-pleaded complaint" rule.  That rule states that a complaint originally filed in state court cannot be removed to federal court unless federal jurisdiction appears from the face of a well-pleaded complaint.  *Gully v. First National Bank*, 299 U.S. 109, 113 (1936).  The rule has been stated by the Supreme Court as follows:

> [W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)).  "Although the constitutional meaning of 'arising under' may extend to all cases in which a federal question is 'an ingredient' of the action, [courts] have long construed the statutory grant of federal-question jurisdiction as conferring a more limited power."  *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 807-08 (1986) (internal citation omitted); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under the well-pleaded complaint rule, "a suit arises under federal law . . . when a plaintiff's statement of his own cause of action shows that it is based on federal law." *Schmeling v. Nordam*, 97 F.3d 1336, 1339 (10th Cir. 1996) (internal quotation marks and citations omitted).  A plaintiff may avoid federal jurisdiction by exclusive reliance on state law in the complaint.  *Caterpillar*, 482 U.S. at 392.

The Court must first determine whether the First Amended Complaint alleges a claim

arising under a federal law that creates the cause of action.  The propriety of removal, and thus federal court jurisdiction, "is judged on the complaint as it stands at the time of removal." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) (citations omitted) (emphasis added).  Plaintiff plainly alleges violations of the FCRA in Count VII of her First Amended Complaint.  Plaintiff repeatedly cites to the FCRA in Count VII, alleges that Defendant American General violated its duties under the FCRA, and even titles Count VII, "Violations of the Federal Fair Credit Reporting Act."  These facts clearly demonstrate that Plaintiff's claim arises under federal law and that federal law created her cause of action.  Accordingly, the Court has federal question subject matter jurisdiction over this case.

Plaintiff's arguments to the contrary do not persuade the Court otherwise.  Plaintiff claims that she must specifically have alleged in her First Amended Complaint that she provided notice of the dispute to Defendant American General and that a credit reporting agency provided notification of the dispute to Defendant American General.  Such allegations are not necessary for Plaintiff's claim to "arise under" federal law.  Indeed, under Plaintiff's interpretation, the Court would not have subject matter jurisdiction over any removed federal question claim if that claim were subject to dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff has cited no authority for this proposition, and the Court finds none.

Because the First Amended Complaint states a claim arising under the federal law that creates Plaintiff's seventh cause of action under the FCRA, the Court denies Plaintiff's motion to remand on the ground that the Court did not have subject matter jurisdiction over this matter at the outset.

II.     <u>Motion to Dismiss</u>.

Plaintiff also asks the Court to dismiss without prejudice Count VII of her First Amended Complaint pursuant to Federal Rule of Civil Procedure 41(a)(2), which provides, "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Paragraph one provides that a plaintiff may dismiss a case without order of a court if the defendant has not filed an answer. Because Defendants have filed an answer, Plaintiff must obtain an order of this Court to dismiss Count VII.

The purpose of Rule 41 is "to prevent voluntary dismissal which unfairly affects the other side, and to permit the imposition of curative conditions." *County of Santa Fe v. Pub. Serv. Co.*, 311 F.3d 1031, 1047 (10th Cir. 2002). A dismissal pursuant to Rule 41(a)(2) is addressed to the sound discretion of the court and is generally granted unless the opposing party will suffer some plain legal prejudice. *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) (citations omitted). In determining legal prejudice, a court should consider, among other things, the opposing party's effort and expense in preparing for trial, whether there has been an excessive delay and lack of diligence on the part of the petitioner, whether the petitioner's explanation of the need for dismissal is sufficient, and the present stage of litigation. *Id.* (citation omitted). "Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper." *Id.* In reaching its conclusion, however, the Court "should endeavor to insure substantial justice is accorded to both parties." *Id.* (citation omitted). Accordingly, the Court must consider not only the equities facing the defendant, but also those facing the plaintiff. *Id.*

With respect to the first consideration, the opposing party's effort and expense in preparing for trial, the Court notes that Defendants have presented no argument indicating that they have suffered prejudicial effort or expense in preparing for trial with respect to Count VII of the First Amended Complaint. Indeed, because Plaintiff seeks to dismiss only one of seven counts, Defendants must pursue this litigation even if the Court grants the Motion to Dismiss Count VII. The Court further notes that this case has been stayed pending the Court's decision on Plaintiff's Motion to Dismiss since December 14, 2006, and that Defendants encountered little effort and expense to date in responding to the First Amended Complaint and even less responding to Count VII.

Plaintiff commenced her action in state court on September 1, 2006, and Defendants removed the matter to this Court on October 5, 2006, and filed an answer that same day. On October 13, 2006, Defendants filed a motion to compel arbitration and stay the proceedings. Presumably, Defendants would have filed the same motion to compel and stay proceedings even if Plaintiff had not brought Count VII.

Admittedly, on November 22, 2006, Defendants did file a response to Plaintiff's Motion to Dismiss Count VII and a response to Plaintiff's motion to stay the proceedings pending the Court's decision on the Motion to Dismiss, but Defendants have not argued that this effort and expense has prejudiced them, and the Court cannot conclude, absent an argument or showing from Defendants, that the expense was sufficiently significant to weigh in favor of denying the Motion to Dismiss. To the contrary, the Court finds the expense *de minimis* relative to the cost of litigating this case.

With respect to the second consideration, whether there has been an excessive delay and lack of diligence on the part of the petitioner, the Court notes that Plaintiff promptly filed her

Motion to Dismiss on October 27, 2006, 22 days after Defendants raised their affirmative defense regarding Plaintiff's failure to follow the dispute procedures set forth in the FCRA and Plaintiff realized that her claim was premature.  That same day, Plaintiff filed a motion to stay the proceedings pending the Court's decision on the Motion to Dismiss.  Soon thereafter, on December 14, 2006, Magistrate Judge Scott granted Plaintiff's motion to stay the proceedings pending the Court's determination of Plaintiff's Motion to Dismiss.  Accordingly, Plaintiff did not delay in attempting to obtain dismissal of her claim.  To the contrary, she diligently pursued that dismissal.  This factor, therefore, weighs in favor of granting Plaintiff's motion.

With respect to the third factor, whether the petitioner's explanation of the need for dismissal is sufficient, Plaintiff argues that her FCRA claim is premature both because she did not provide notice of the dispute to Defendant American General as required by 15 U.S.C. § 1681s-2(a)(8)(D), and because a consumer reporting agency did not notify American General of Plaintiff's dispute, thereby triggering Defendant American General's duty to investigate under 15 U.S.C. Section 1681s-2(b).

Section 1681s-2(b) provides in relevant part, "Duties of furnishers of information *upon notice of dispute . . .* in general" are

> *[a]fter receiving notice pursuant to [section 1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency*, the [defendant] shall (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2); (C) report the results of the investigation to the consumer reporting agency; (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the [defendant] furnished the information . . . ; and (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), . . .

>. promptly (i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b) (emphasis added).  Section 1681i(a)(2) provides in relevant part:

>Before the expiration of the 5-business-day period *beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer* . . . in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute . . . .  The notice shall include all relevant information regarding the dispute that the agency has received from the consumer.

15 U.S.C. § 1681(i)(a)(2).  Courts consistently have held that "under the plain language of the statute, the duty of a furnisher of credit information to investigate a credit dispute is triggered only after the furnisher receives notice of the dispute from a consumer reporting agency, not just the consumer."  *Aklagi v. Nationscredit Financial*, 196 F. Supp. 2d 1186, 1193 (D. Kan. 2002) (noting that "courts have uniformly reached this conclusion" and citing cases so holding); *see, e.g.*, *Gibbs v. SLM Corp.*, 336 F. Supp. 2d 1, 12 (D. Mass. 2004) ("courts have 'uniformly' concluded that § 2(b) 'provides a private cause of action only if the furnisher received notice from a consumer reporting agency, as opposed to the plaintiff alone, that the credit information was disputed'") (quoting *Aklagi*, 196 F. Supp. 2d at 1193); *Elmore v. North Fork Bancorporation, Inc.*, 325 F. Supp. 2d 336, 340 (S.D.N.Y. 2004) (dismissing plaintiff's FCRA claim for failure to state a claim and explaining that "[e]ven assuming the existence of a private right of action for violation of 1681s-2(b), that right of action exists only for violations post-dating the furnisher's receipt of a report from the credit reporting agency").

   Defendants do not dispute that a furnisher of information's obligations under Section 2(b) arise only after notification by a consumer reporting agency of contested credit information.  Rather, Defendants maintain only that Plaintiff has no private cause of action under the FCRA

against Defendant American General, and that the issue is a matter of federal law that this Court should decide.  Although this may be an issue of law, the Court need not (and does not) decide that issue now, because Plaintiff's FCRA claim fails for another reason.  Even assuming a private cause of action does exist, the Court concludes that Defendant American General had no obligation to investigate pursuant to Section 2(b) because it had not received notice of a dispute from a credit reporting agency.  *See supra* at 9 (citing cases).  The Court therefore concludes that Plaintiff's explanation of the need for dismissal is sufficient, and that this factor weighs in favor of granting Plaintiff's motion for dismissal under Rule 41(a)(2).

Finally, with respect to the fourth factor, the present stage of the litigation, Plaintiff promptly and diligently pursued dismissal of this claim within two months of first initiating the case and within 22 days of Defendants' answer.  Moreover the case has been stayed since December 14, 2006.  Accordingly, this factor also weighs in favor of granting Plaintiff's motion.

The factors set forth in *Ohlander* are not exclusive.  114 F.3d at 1537 (citation omitted). Indeed, the Tenth Circuit has indicated that "[a]ny other relevant factors should come into the district court's equation." *Id.*  Defendants' sole argument regarding the alleged prejudice they will suffer if the Court is found in a brief footnote, in which Defendants maintain that "[p]ermitting amendment or dismissal that leads to remand here increases the likelihood of forum shopping by Plaintiff in her attempt to avoid arbitration under the Federal Arbitration Act, and if that is the result of her forum shopping, then Defendants will be prejudiced in that they will not get the benefit of the bargain they contracted for with Plaintiff."  Defendants have provided no argument, however, as to why they could not seek to enforce the arbitration provision in state court, and the Court therefore is not persuaded by Defendants' argument that they will be prejudiced by dismissing Plaintiff's FCRA claim.

The Court further notes that Defendants have raised Plaintiff's failure to comply with the dispute procedures in the FCRA as an affirmative defense in their answer and have argued in their briefing here that there is no private cause of action for Plaintiff's FCRA claim.  Having raised these arguments, the Court has no doubt that Defendants would move for dismissal of the FCRA claim on these grounds pursuant to Rule 12(b)(6) or Rule 56(c).  The Court concludes, therefore, that dismissal of the claim earlier in the litigation pursuant to Rule 41(a)(2) would not prejudice Defendants, but rather would save them effort and expense in the long run.

For these reasons, the Court concludes that the factors weigh in Plaintiff's favor and that Defendants will not suffer some plain legal prejudice if the Court grants Plaintiff's Motion to Dismiss Count VII pursuant to Rule 41(a)(2).  *Cf. Ohlander*, 114 F.3d at 1537.  Because the Court grants Plaintiff's Motion to Dismiss, the Court need not consider Plaintiff's motion in the alternative to amend the First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a).

III.    Supplemental Jurisdiction.

Because the Court has granted Plaintiff's Motion to Dismiss Count VII of the First Amended Complaint, only state law claims remain.  In *Carnegie-Mellon University v. Cohill*, the Supreme Court stated,

> Under *Gibbs*, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pending state-law claims.  When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismiss the case without prejudice.

484 U.S. 343, 350 (1988) (citing *Mine Workers v. Gibbs*, 383 U.S. 715 (1966)). The *Cohill* Court explained that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims." 484 U.S. at 350 n.7; *see also* 28 U.S.C. Section 1367(c)(3) (a district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction").

The Court agrees that the balance of factors here weighs in favor of the Court declining to exercise supplemental jurisdiction over the state law claims. The sole federal claim in this case has been dismissed early in the litigation, and the interests of judicial economy, convenience, fairness, and comity therefore weigh in favor of remanding the state law claims. *Id.* at 350 (explaining that when the balance of factors "indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction"); *see also id.* ("when a district court . . . relinquish[es] jurisdiction over a removed case involving pendent claims, the court has discretion to remand the case to state court"). The Court is not persuaded otherwise by Defendants' arguments to the contrary.[1] Accordingly, the Court grants

---

[1] Defendants state in conclusory fashion that "[j]udicial economy and convenience would be served by simply ordering this matter to arbitration under the Federal Arbitration Act" and that "[c]onsiderations of comity also favor retention because this matter should be arbitrated pursuant to the Federal Arbitration Act." Defendants do not explain how these arguments regarding the merits of Defendants' (contested) motion to compel arbitration are relevant to the inquiry required by *Cohill* or how they weigh in favor of the Court's retaining jurisdiction. The Court further notes that Defendants may pursue their motion to compel arbitration in state court, which is, based upon considerations of comity, judicial economy, convenience, and fairness, the more appropriate forum for hearing Plaintiff's state law claims.

Plaintiff's motion to remand the state law claims.

## CONCLUSION

For the reasons stated above, **IT THEREFORE IS ORDERED** that Plaintiff's Motion for Partial Dismissal Pursuant to Rule 41(a)(2), or, in the Alternative, Motion to Amend Pursuant to Rule 15(a); and Remand, filed October 27, 2006 **[Doc. 10]**, is hereby GRANTED IN PART as follows:

(1) Plaintiff's Motion to Remand the First Amended Complaint because the Court lacks subject matter jurisdiction is DENIED;

(2) Plaintiff's Motion to Dismiss Count VII of the First Amended Complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) is GRANTED; and

(3) Plaintiff's Motion to Remand the remaining state law claims is GRANTED.


Dated this 27th day of September 2007.

_____
JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE

13